J-S39041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                 :                 PENNSYLVANIA
                                 :

             v.                      :

RAUL COSME, JR.                 :

            Appellant       :       No. 413 MDA 2023

Appeal from the Judgment of Sentence Entered February 22, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000132-2021

BEFORE:    DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:         **FILED DECEMBER 14, 2023**

Raul Cosme, Jr. (Appellant), appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his guilty plea to criminal attempt to commit indecent assault and false imprisonment.[1] Contemporaneous with this appeal, Appellant's counsel, Kurt T. Lynott, Esquire (Counsel), has filed a petition to withdraw from representation and an **Anders** brief. The **Anders**[2] brief raises a challenge to the discretionary aspects of sentencing in light of mitigating factors.[3] For the reasons below, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

---

[1] 18 Pa.C.S. §§ 901(a), 3126(a)(1), 2903(a), respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[3] The Commonwealth has filed a letter, stating it would not file a brief.

On September 30, 2022, Appellant pled guilty to one count each of attempted indecent assault and false imprisonment. He was represented by Counsel. The underlying incident occurred on January 7, 2021, at the Price Chopper in Taylor Borough, Lackawanna County where Appellant and the victim, Marcy Drucker (the victim), both worked. Trial Ct. Op., 5/11/23, at 1 (unpaginated).

We glean the following factual summary from the trial court opinion.

[The victim] stated that around 7:00 p.m. she was working in the Food Court at Price Chopper when . . . Appellant . . . began acting inappropriately toward her, stating that he wanted to see her naked and showing her inappropriate, pornographic videos. The victim relayed that Appellant, while he exposed himself, also asked her if she could put his penis in her mouth. Appellant then grabbed the victim's hand and tried to force her to touch his penis, but the victim refused, stating that she was uncomfortable.

Later that same evening, the victim went to the second floor of the building to use the Women's Restroom. While she was sitting on the toilet with her underwear down, Appellant opened the stall and, while fondling his exposed penis, stated that "it wouldn't take longer than five minutes." Appellant then picked the victim up off the toilet, tried to kiss her, and ultimately tossed her to the floor, all while his erect penis was still exposed. At that time, another female employee entered the Women's Restroom, causing Appellant to flee . . . .

*Id.* at 1-2 (record citations omitted & paragraph break added).

On February 22, 2023, the trial court conducted a sentencing hearing. A pre-sentence investigation report (PSI) was filed; Appellant reviewed it and

raised no objection nor exception.[4]  N.T. Sentence, 2/22/23, at 5.  The victim

shared the gravity of Appellant's actions and its lasting impact on her life.  ***Id.***

at 3.  Further, the trial court noted Appellant's prior record score of five.  ***Id.***

at 6.   Appellant apologized for his conduct, and Counsel stated that he

supports his family.  ***Id.*** at 8.  Additionally, Counsel noted that Appellant was

treating for drugs or alcohol addiction.  ***Id.*** at 6.

The trial court sentenced Appellant to: (1) 12 to 24 months'

imprisonment on attempt to commit indecent assault; and (2) 6 to 12 months

on false imprisonment, to run consecutively.  N.T., 2/22/23, at 9.  Both

sentences are within the standard range of the sentencing guidelines.  Trial

Ct. Op. at 4.  Appellant was also ordered to comply with SORNA registration

and notification requirements for a period of 15 years.[5]  N.T., 2/22/23, at 9.

_____

[4] The Pennsylvania Rules of Criminal Procedure vests a sentencing judge with
the discretion to order a PSI as an aid.  Pa.R.Crim.P. 702(a)(1).

[5] Pennsylvania Sex Offender Registration and Notification Act, 42 Pa.C.S. §§
9799.10 to 9799.42.   Appellant's conviction of attempted assault, under
Subsection 3126(a)(1), is a Tier I offense, subjecting him to a 15-year
registration.  ***See*** 42 Pa.C.S. §§ 9799.14(b)(6), (22), 9799.15(a)(1).

Furthermore, we note Counsel stated a sexually violent predator (SVP)
assessment was conducted and Appellant **was deemed** to be an SVP.  N.T.,
2/22/23, at 5.  In its opinion, the trial court stated it **reviewed** the SVP
assessment submitted by the Sexual Offender's Assessment Board.  Trial Ct.
Op. at 5.  However, neither the opinion, nor any other filing in the certified
record, indicate Appellant was indeed found to be an SVP.

On February 23, 2023, Appellant timely filed a motion for reconsideration of sentence, which was denied by the trial court on the same day. Appellant filed a timely *pro se* notice of appeal on March 13, 2023.[6] The trial court ordered Appellant to file a Pa.R.A.P 1925(b) statement, which was timely filed. The trial court opinion concludes the sentencing was "within the standard range of the sentencing guidelines and, given the gravity of the offense as well as Appellant's prior record score, this Court does not believe that its sentence was unreasonable." Trial Ct. Op. at 6.

Counsel filed a petition to withdraw as counsel and a brief pursuant to **Anders**.[7] Counsel attached a letter he sent to Appellant explaining his right to retain new counsel or proceed *pro se*.

This Court has stated:

[We] must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented[.]

---

[6] Generally, "[w]here a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or other type of pleading in the matter, it shall not be accepted for filing, but noted on the docket and forwarded to counsel of record." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016), *quoting* Pa. Code § 65.24). However, "[a] pro se notice of appeal received from the trial court shall be docketed, even in instances where the pro se [appellant] was represented by counsel in the trial court." **Id.**

[7] On July 19, 2023, this Court *per curiam* denied Counsel's first **Anders** petition and struck his **Anders** brief. The brief did not comply with **Anders** requirements because Counsel neither referred to anything in the record that Counsel believed arguably supported the appeal, nor stated his reasons for concluding the appeal was frivolous. On August 9, 2023, Counsel filed a new **Anders** petition and brief, which are presently before us for review.

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel also must provide a copy of the **Anders** brief to his client. [Attached to] the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014) (citations omitted).

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted).

Instantly, Counsel has satisfied the technical requirements of **Anders** and **Santiago**. In Counsel's **Anders** brief, he summarizes the pertinent

- 5 -

factual and procedural history with citations to the record. *Anders* Brief at 5-6. Counsel also states that after a conscientious review of the record and applicable law, he concludes the appeal is frivolous. *Id.* at 7. Counsel also attached to his petition a letter to Appellant meeting the notice requirements. *See Orellana*, 86 A.3d at 880. Therefore, the brief and petition to withdraw comply with the technical requirements of *Anders* and *Santiago*.

The *Anders* brief then addresses one potential claim for our review:

> Did the Trial Court abuse its discretion in denying [Appellant's] Motion for Reconsideration of Sentence?

*Anders* Brief at 4.

In the *Anders* brief, Counsel addresses whether the trial court erred in denying Appellant's post sentence motion. *Anders* Brief at 6. Appellant argues the trial court failed to consider several mitigating factors in its sentencing determination:

> At the time of sentence . . . Appellant noted that he was gainfully employed for nine . . . months. He did apologize for his actions. He was supporting his family and attending treatment and meetings . . . Appellant did not have a history of sexual offenses, but had a prior record score of five . . . . Appellant sought in[-]patient treatment and was under the influence at the time of his offense. Had the Trial Court considered these facts his Motion for Reconsideration of Sentence would have been granted.

*Id.* at 7 (record citations omitted). Counsel cites relevant law on the discretionary aspects of sentencing, and avers that "[t]he sentence imposed by the Trial Court was within its discretion and within the standard guideline range." *Id.* at 7. Accordingly, Counsel suggests this appeal is frivolous.

We now proceed to our independent review of the record to determine whether this appeal is wholly frivolous. **See Goodwin**, 928 A.2d at 291.

It is well established that a challenge to the discretionary aspects of sentencing does not entitle an appellant to "review as of right*."* **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.** (citations omitted).

In the present case, Appellant filed a motion to reconsider sentence and filed a timely notice of appeal. In addition, the **Anders** brief includes the requisite Rule 2119(f) concise statement of reasons relief upon for appeal. **See Anders** Brief at 6. Thus, Appellant has invoked this Court's jurisdiction as to a discretionary aspect of sentencing claim. **See Caldwell**, 117 A.3d at 768.

Nevertheless, Appellant's claim warrants no relief. This Court has stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Caldwell*, 117 A.3d at 770 (citation omitted). Moreover, before imposing a sentence, a trial court must consider the sentencing guidelines, as well as "the factors set out in 42 Pa.C.S. § 9721(b)," which include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). If the sentencing court has the benefit of a PSI, the law presumes the court considered relevant information regarding the defendant's character and other mitigating factors. *Commonwealth v. Tirado*, 870 A.2d 362, 366 n.6, 368 (Pa. Super. 2005).

We note Section 9781(c) of the Sentencing Code provides:

> **(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>
>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

- 8 -

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c)(1)-(3).

A review of the record shows that prior to imposing Appellant's sentence, the trial court reviewed his PSI, which included his medical, psychological, and social history, and considered argument from defense counsel, as well as statements from Appellant and the victim. Trial Ct. Op. at 4. Importantly, the trial court considered "the nature and gravity of [the] particular . . . offenses." N.T., 2/22/23, at 9. The trial court noted Appellant's "significant prior criminal history, a prior record score of five" which was "the highest any defendant can have." *Id.* at 8.

The trial court also properly considered the lasting impact of Appellant's crime on the victim, who testified she is "afraid to use public restrooms [and] afraid to go anywhere by [her]self in fear that [Appellant] will be behind" her. N.T., 2/22/23, at 3. She is in a "constant state of depression, anxiety, worry, [and] fear." *Id.*

We conclude the trial court properly considered Appellant's history, the gravity of the offenses and the severe impact on the victim, as well as the Appellant's rehabilitative needs. *See* 42 Pa.C.S. § 9721(b). Lastly, both of Appellant's sentences are within the standard range of the sentencing guidelines. Trial Ct. Op. at 4. Thus, we grant Counsel's petition to withdraw, and we affirm the judgment of sentence.

Counsel's petition to withdraw from representation granted.  Judgment

of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/14/2023</u>